13th Jan. 1810.
Wilds, J.,
delivered the opinion of the court, Guimke, J., absent. All contracts made with an administrator must be personal, and cannot bind the estate of the intestate. An administrator is not authorized to charge the estate of his intestate. He is answerahle for the contracts of the intestate in his representative character, and not personally, or out of his own estate. He is answerable for his own contracts personally, or out of his own estate, although made in behalf of the intestate’s estate. He may sue on such contract in his own name. All the promises stated in the declaration, except the last, are stated to be made after the death of the intestate, with his first administrator, who is dead. *363 The promises of the defendant, on consideration of Paisley’s promises, are nudum pactum, and void,. If any action lies on these pro.mises, it must be against the representatives of Paisley, who made them, and not against the representative of Goddard, who had nothing to do with Paisley’s estate, o'r contracts. The last promise is stated, as made by the defendant, as administrator, upon account of the same services of the plaintiff, performed for the estate, after the death of the intestate. The promise is not said to have been made in consideration of assets; besides, it seems to be a persoual promise. At all events, it is joined with other counts, which are bad.
Note. See the case of Nettles’ executors v. D’Oyley, in this volume, p, 27. See, also, the case of Wright’s executor v. Wright, in this volume, p. 125.
Judgment was given, reversing the decision given in the District Court, and for the defendant on the demurrer.